**Michael Keven KEANE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–82–0762–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 30, 1984.

Ray Montgomery, Houston, for appellant.

James C. Brough, Houston, for appellee.

Before EVAN, C.J., and WARREN and BULLOCK, JJ.

## OPINION

BULLOCK, Justice.

Appellant was convicted of murder upon his plea of guilty, and the court sentenced him to 99 years confinement.

We affirm.

Appellant was originally indicted for the offenses of capital murder and murder and elected to plead guilty to the latter charge as the result of a plea bargaining agreement. The terms of that agreement, as appellant made clear when he entered his guilty plea, were that, in exchange for testifying in accordance with a sworn statement against his accomplice at the trial of the latter, appellant would receive a recommendation of imprisonment for 40 years. In the event appellant refused to testify or did not testify in accordance with the sworn statement, the state would allow appellant merely to plead guilty without any recommendation regarding punishment. Both the trial judge and appellant's attorney questioned appellant extensively, in order to be certain that he understood the

full import and consequences of this agreement.

Appellant refused to testify at the trial of his accomplice, claiming instead that the accomplice had nothing to do with the murder and then taking the Fifth Amendment.

Following the accomplice's trial, the trial court in appellant's case held a punishment hearing and assessed punishment against appellant at 99 years' confinement. Four days later, the trial court amended the judgment to include an affirmative finding that appellant had used a deadly weapon in the commission of the offense.

Appellant presents four grounds of error:

1) That the trial court erred in failing to obtain the statement of facts covering appellant's testimony at the trial of his accomplice, before ruling on the question of the violation of the plea bargain agreement (Ground of Error 1);

2) That the prosecution and trial court denied appellant assistance of counsel at the time appellant allegedly breached the plea bargain agreement, in violation of his constitutional rights (Ground of Error 2);

3) That the indictment was fundamentally defective, because it failed to allege a culpable mental state (Ground of Error 3); and

4) That four days after imposing sentence against appellant, the trial court improperly added the affirmative finding that a deadly weapon was used in the commission of the offense. (Ground of Error 4).

Appellant contends that the trial court, during appellant's punishment hearing, improperly refused to order the transcript of appellant's testimony at the accomplice's trial. He claims that this was reversible error because, since the prosecutor failed to testify with a sufficient degree of certainty, the best evidence rule should preclude the use of this testimony to prove the allegation of the breached plea bargain agreement, and therefore, appellant argues no one at his punishment hearing knew with any certainty what happened during appellant's appearance at his accomplice's trial.

■ ■ We disagree. The best evidence rule requires the introduction of a document, as opposed to testimony about the document, in order to prove its contents. It has no bearing on testimony regarding what occurred in a prior judicial proceeding. *Taylor v. State*, 508 S.W.2d 393, 396 ft. 2 (Tex.Crim.App.1974); *Henriksen v. State*, 500 S.W.2d 491, 495 (Tex.Crim.App. 1973); *Overton v. State*, 490 S.W.2d 556, 559 (Tex.Crim.App.1973). The instant case does not deal with a question of proof of the disputed contents of a document. Appellant does not dispute the basic accuracy of the prosecutor's testimony at the punishment hearing but merely argues that a more complete account was available in the transcript of appellant's testimony at the accomplice's trial. The question thus presented is whether the trial court abused its discretion in refusing to supplement its record with the additional transcript, and that question in turn focuses on whether the trial court had sufficient facts available from the punishment hearing itself to enable it to make a determination of whether appellant had breached the plea bargain agreement.

■ The record establishes that, at the time of the punishment hearing, the transcript of the earlier testimony was unavailable to either party, and that there was no indication of how long that lack of availability would continue. The prosecutor's testimony, despite the numerous underscorings added in appellant's brief, was neither uncertain nor equivocal. It is true that the prosecutor, in testifying, began many sentences with throwaway statements such as, "I remember," or, "I recall," but a reading of the prosecutor's testimony at appellant's punishment hearing indicates that the prosecutor had no doubts or reservations as to what happened when appellant came to testify against his accomplice. It is also clear that appellant, instead of testifying in accordance with the sworn statement he had earlier given the prosecutor, told his accomplice's trial judge that he refused to answer

any questions regarding the murder. This was in direct contravention of his plea bargain agreement. Appellant had ample opportunity, and indeed used this opportunity, to cross-examine the prosecutor, and the record reflects no contradictions, equivocations, or uncertainties revealed by the prosecutor during that cross-examination. There is nothing in the record to indicate any reason why the trial court should not have given credibility to the prosecutor's rendition of the events of the earlier testimony. Appellant was present during this punishment hearing and could have testified as to those matters without incurring any additional risk. Appellant's counsel apparently chose not to have appellant testify as to the matters, and thus nothing exists in the record to contradict the prosecutor's testimony. There is ample evidence to enable us to hold that no abuse of discretion occurred and that the trial judge acted properly in determining that the supplementary transcript, although it may have been helpful in clarifying facts, was unnecessary to ascertain those facts.

■ Another factor that indicates the basic accuracy of the prosecutor's testimony is that appellant apparently made no attempt to have the trial court supplement the record under Tex.Code Crim.Proc.Ann. Art. 40.09 subsection 7 (Vernon 1983), by requesting the trial court to include that transcript on appeal.

We overrule appellant's first ground of error.

In his second ground of error, appellant argues that, because the prosecution proceeded to have him testify at his accomplice's trial when both the prosecution and the trial court in that case knew that appellant's attorneys were unavailable at that time, he was denied assistance of counsel, in violation of his constitutional rights. Appellant cites numerous U.S. Supreme Court cases for the proposition that the presence of counsel is a constitutional requirement at a "critical stage" of the criminal justice process against that defendant. This denial, appellant contends, was prejudicial error, because the effect of appellant's refusal to testify against his accomplice was, in appellant's view, "59 extra years of imprisonment."

■ We need not rule on the question of whether appellant's testimony as a witness was a "critical stage," because we hold that appellant, having received effective assistance of counsel, chose voluntarily to disregard that counsel, and that, even if error occurred, it was in itself harmless.

Both the judge and appellant's attorneys repeatedly asked appellant at his guilty plea hearing if he understood that, in order to receive the 40-year recommendation, he would have to testify against his accomplice in accordance with the sworn statement. Appellant answered unequivocally, several times, that he understood both the import and the consequences of the plea bargain agreement. Appellant received competent counseling from his attorney regarding the proposed testimony before the trial court even accepted appellant's guilty plea and before appellant testified at his accomplice's trial. Nothing in the record indicates that the prosecution, spurred by the absence of appellant's attorneys, did anything to lead appellant away from that agreement when appellant appeared to testify against his accomplice. Moreover, appellant can point to nothing that his attorneys might have done, nor to any effect that the presence of his attorneys might have had, to prevent or change the circumstances. Appellant entered a guilty plea, with full understanding of what he would have to do in order to receive a recommendation of 40 years' imprisonment, and then chose to disregard advice he had previously received from his attorney, electing instead to "bust the deal." Appellant had acknowledged the necessity of adhering to the agreement in order to receive the lessened sentence. Appellant cannot now complain of receiving harm from a voluntary act, particularly when appellant cannot point to any circumstances that might have caused a different result had appellant's attorneys been present.

We overrule appellant's second ground of error.

Regarding appellant's third ground of error, asserting that it fails to allege a culpable mental state for the offense, we refer to the pertinent section of the indictment:

It is further presented that in Harris County, Texas, MICHAEL KEVEN KEANE, hereafter styled the Defendant, heretofore on or about DECEMBER 31, 1981, did then and there lawfully intend to cause serious bodily injury to PAUL JOEHLIN, hereafter styled the Complainant, and did cause the death of the Complainant by committing an act clearly dangerous to human life, namely, by cutting and stabbing the Complainant with a knife and by beating and hitting the complainant with a bottle and other objects unknown to the Grand Jury.

■ This indictment tracks, almost verbatim, the indictment found to allege a culpable mental state in *Lugo-Lugo v. State*, 650 S.W.2d 72 (Tex.Crim.App.1983). See also Texas Penal Code Ann. sec. 19.-02(a)(2) (Vernon 1981).

We overrule appellant's third ground of error.

In his fourth and final ground of error, appellant contends that the trial court improperly added an affirmative finding of the use of a deadly weapon, four days after having sentenced appellant. This, in appellant's view, is reversible error; first, because it constitutes an accumulation order, and second, because it affected appellant's ability to receive parole.

■ Parole is not a subject properly susceptible to review by the judiciary process, *Munroe v. State*, 637 S.W.2d 475 (Tex.Crim.App.1982), and we must consider only two questions to resolve this ground of error. The first is whether the trial court could properly make that affirmative finding pursuant to the Code of Criminal Procedure; secondly, assuming it could properly make that finding, whether the addition of that affirmative finding four days after having sentenced appellant was improper.

■ Our courts have held that it is improper for a trial court to enter an affirmative finding only *where the jury was the trier of fact.* See *Barecky v. State*, 639 S.W.2d 943, 944 (Tex.Crim.App.1982); *Ex parte Thomas*, 638 S.W.2d 905, 907 (Tex.Crim.App.1982). But the critical focus of art. 42.12 is that only the *trier of fact* must make affirmative findings. Here, the trial court was the trier of fact, and we hold that it properly made an affirmative finding that appellant used a deadly weapon in committing the murder.

■ We now consider the second question, whether the supplementation of the judgment was improper because of the four days that had elapsed. We hold that the supplementation was proper. Although neither a knife nor a bottle is a deadly weapon *per se*, Tex. Penal Code Ann. sec. 1.07(a)(11) (Vernon 1982), in alleging that appellant had killed the deceased by stabbing him with a knife and by hitting him with a bottle, the indictment clearly alleged that appellant had used something "that in the manner of its use or intended use is capable of causing death or serious bodily injury." Tex. Penal Code Ann. sec. 1.07(a)(11)(B) (Vernon 1982). Thus, in accepting appellant's guilty plea on this indictment, the trial court implictly made an affirmative finding that appellant had used a deadly weapon in the commission of the offense. The supplementation to the judgment, entered four days after sentencing, merely documented the affirmative finding that the court below had already made. Since appellant's sworn statement is part of the record, and since this statement described the use of knives and a bottle in the victim's murder, evidence supports this affirmative finding. The trial court's supplementation of the judgment was, therefore, a proper ministerial act.

We overrule appellant's fourth ground of error and affirm the judgment of the trial court.