Opinion issued November 21, 2002




  









 In The
Court of Appeals
For The
First District of Texas




NO. 01-99-00673-CR




FREDERICK M. JONES, Appellant

V.

STATE OF TEXAS, Appellee




On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 801,821




OPINION ON MOTION FOR REHEARING

          Appellant, Frederick M. Jones, has filed a motion for rehearing and a motion
for rehearing en banc. We deny rehearing, but withdraw our opinion and judgment
of September 27, 2001, and issue this new opinion in its stead. Accordingly, we deny
the motion for rehearing en banc as moot.


 
          A jury found appellant guilty of the offense of aggravated assault as charged
in the indictment, and, after finding the two enhancement paragraphs true, assessed
appellant’s punishment at confinement for 33 years. The trial court entered an
affirmative deadly weapon finding in the judgment. We affirm.
          In four issues, appellant asserts: (1) the trial court erred by not including the
definition of “serious bodily injury” in the jury charge; (2) appellant received
ineffective assistance of counsel at the guilt/innocence phase of his trial; (3) the trial
court erred by including an article 37.07 instruction on parole law in the charge when
appellant was ineligible for mandatory supervision; and (4) he received ineffective
assistance of counsel at the punishment phase of his trial.
BACKGROUNDJust before midnight on New Years Eve, 16-year-old complainant Eric Neil and
his friends were shooting bottle rockets in their neighborhood. When one of the
bottle rockets shot off in the direction of a house instead of straight up into the air,
appellant approached complainant and his friends. An altercation ensued, and
appellant hit complainant on the left side of his face with a beer bottle. Complainant
felt his face open wide and blood began pouring from it. Complainant was taken to
the hospital where he received 34 stitches to his face, neck and ear.DISCUSSION
Jury Charge
          In his first issue, appellant asserts the trial court committed reversible error by
not including the definition of serious bodily injury in the jury charge. 
          The indictment stated that appellant “. . . unlawfully, intentionally, and
knowingly cause[d] bodily injury to [complainant] by using a deadly weapon, namely,
a glass bottle.” The jury charge stated that “[a] person commits aggravated assault
if he commits assault, as hereinbefore defined,


 and he uses or exhibits a deadly
weapon during the commission of the assault.” See Tex. Penal Code Ann. §
22.02(a)(2) (Vernon 1994). The jury charge defined “deadly weapon” as “anything
manifestly designed, made, or adapted for the purpose of inflicting death or serious
bodily injury; or anything that in the manner of its use or intended use is capable of
causing death or serious bodily injury.” The jury found appellant guilty as charged
in the indictment. 
          Appellant complains on appeal that because the bottle used in the commission
of the offense was not a deadly weapon per se, and the instructions required the jury
to determine if the bottle was capable of causing death or serious bodily injury, the
trial court’s failure to sua sponte


 include a definition on serious bodily injury
constituted reversible error.
          The State, through the testimony of Deputy Alexander, put on uncontroverted
evidence that a glass bottle can be a deadly weapon capable of causing death or
serious bodily injury. Complainant was hit in the head with the glass bottle with
enough force to cause injuries requiring 34 stitches, and leaving a permanent scar.
Complainant lost a large amount of blood as a result of the injury. The law is clear
that a glass bottle in the manner of its use can be a deadly weapon. Enriquez v. State,
826 S.W.2d 191, 193 (Tex. App.—El Paso 1992, no pet.); Keane v. State, 677 S.W.2d
194, 198 (Tex. App.—Houston [1st Dist.] 1984, pet. ref’d). When the State proves
the use of a deadly weapon, proof of actual serious bodily injury is not an issue. 
Madden v. State, 911 S.W.2d 236, 244 (Tex. App.—Waco 1995, pet. ref’d). In light
of the uncontroverted evidence, the trial court did not err by not including, sua
sponte, a definition of serious bodily injury in the jury charge. Accordingly, we
overrule appellant’s first issue. 
Article 37.07 Instruction
          Charge Error
          In issue three, appellant asserts that he was denied due process of law and due
course of law because the jury instruction mandated by Texas Code of Criminal
Procedure article 37.07, section 4(a), that appellant’s sentence might be reduced
through award of good-conduct time, was unconstitutional as applied to him because
he was not eligible for mandatory supervision or to have good-conduct time
considered in determining his parole eligibility date. See Texas Code Crim. Proc.
Ann. art. 37.07, § 4(a) (Vernon Supp. 2002). After we issued our original opinion,
the Court of Criminal Appeals considered and rejected the same argument in Luquis
v. State, holding the article 37.07, section 4(a) instruction is not unconstitutional, for
violating due process or due course of law, as applied to a defendant who is ineligible
for good-conduct-time credit. 72 S.W.3d 355 (Tex. Crim. App. 2002). The only
exception to the holding in Luquis is if the record shows that the jury was confused
by the instruction. See id. at 366-67.
          As in Luquis, nothing in the record suggests jurors discussed, considered, or
tried to apply what they were told about good conduct time and parole. The jury did 
not send out any notes indicating or expressing confusion about the possible
application of good conduct in this case. While the jury assessed punishment at 33
years confinement, the punishment range was 25 to 99 years confinement, or life,
because of appellant’s two prior felony convictions. See Tex. Penal Code Ann. §
12.42(d) (Vernon Supp. 2002). The State did not mention good-conduct time in
closing argument. Defense counsel accurately argued during closing, as follows:
Under the law applicable in this case if the defendant is
sentenced to a term of imprisonment he will not become eligible
for parole until the actual time served equals one-half of his
sentence imposed or 30 years, whichever is less, without
consideration of any good time he may [have] earned. And then
even at that point, at half of it, eligibility for parole does not
guarantee that parole will be granted. Then it goes on to the
next paragraph. After you do that half you can’t consider
whether he might get good time or parole because that depends
on the parole authorities, but you are given this as an exacto. He
is not eligible for parole until he does half of it without any
consideration, without—no matter how much good time he gets
or whatever he does. Half of what you give him. And that’s my
only argument considering what happened and the
circumstances here, isn’t 25 years enough.           There is nothing in the record to show the jury charge or arguments confused
the jury. Accordingly, we hold that the general rule of Luquis, that the parole and
good-conduct-time instruction is not unconstitutional as applied, controls the
disposition of this issue. See id. at 368.
          Accordingly, we overrule issue three. 
 
Ineffective Assistance of Counsel
          In his second issue, appellant asserts that he received ineffective assistance of
counsel at the guilt/innocence phase of his trial because his attorney (1) did not fully
investigate the facts of the case, (2) did not present all available evidence and
arguments, (3) did not seek out and interview potential witnesses, (4) did not request
a limiting instruction on impeachment testimony by a defense witness, and (5) did not
object to the lack of a definition of serious bodily injury in the jury charge. In his
fourth issue, appellant contends he received ineffective assistance of counsel at the
punishment phase of his trial because his trial counsel did not object to the statutorily
mandated parole instruction being included in the jury charge. Appellant filed a
motion for new trial asserting these grounds, and a hearing was conducted.
          The standard of review for evaluating claims of ineffective assistance of
counsel at the guilt-innocence phase is set forth in Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984). See Hernandez v. State, 726 S.W.2d 53, 55
(Tex. Crim. App. 1986); Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston
[1st Dist.] 1996, no pet.). The same standard applies for claims of ineffective
assistance of counsel at noncapital sentencing proceedings. Hernandez v. State, 988
S.W.2d 770, 770 (Tex. Crim. App. 1999). Appellant must show both that (1)
counsel’s performance was so deficient that he was not functioning as acceptable
counsel under the sixth amendment, and (2) but for the counsel’s error, the result of
the proceedings would have been different. Strickland, 466 U.S. at 687, 104 S. Ct.
at 2064; Hernandez, 988 S.W.2d at 770.
          It is the defendant’s burden to prove ineffective assistance of counsel. Id. 
Appellant must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy. Strickland, 466 U.S. at
689, 104 S. Ct. at 2064; Gamble, 916 S.W.2d at 93. A claim of ineffective assistance
of counsel must be firmly supported by the record. McFarland v. State, 928 S.W.2d
482, 500 (Tex. Crim. App. 1996). An appellate court will not make a finding of
ineffectiveness based on speculation. Gamble, 916 S.W.2d at 93.
1.       Investigation of the Facts and Calling of Witnesses
          An attorney representing a criminal defendant is charged with making an
independent investigation of the facts of the case. McFarland, 928 S.W.2d at 501. 
This encompasses the duty to conduct a legal and factual investigation and to seek out
and interview potential witnesses. Ex parte Welborn, 785 S.W.2d 391, 393 (Tex.
Crim. App. 1990). Defense counsel should not, as a matter of course, rely on the
veracity either of his client’s version of the facts or witness statements in the State’s
file. McFarland, 928 S.W.2d at 501. However, the duty to conduct an investigation,
in the wake of Strickland, is not absolute. McFarland, 928 S.W.2d at 501. Under
Strickland, an attorney has the duty “to make reasonable investigations or to make a
reasonable decision that makes particular investigations unnecessary.” Id. A
decision not to investigate must be directly assessed for reasonableness in all
circumstances, applying a heavy measure of deference to trial counsel’s judgment. 
Id. We will not reverse a conviction unless the consequence of the failure to
investigate is that the only viable defense available to the accused is not advanced and
there is a reasonable probability that, but for counsel’s failure to advance the defense,
the result of the proceedings would have been different. Id.; see also Cantu v. State,
993 S.W.d 712, 718 (Tex. App.—San Antonio 1999, pet. ref’d).
          Appellant contends that his trial counsel was ineffective because he never
visited the scene of the charged offense and he did not hire an investigator. As a
result, appellant maintains his trial counsel did not discover and interview five
witnesses, and, therefore, did not present all available exculpatory evidence.
          Regardless of whether the five witnesses would have enhanced appellant’s
defense, the question to be answered here is whether appellant’s trial counsel was
ineffective in failing to discover the witnesses, thereby precluding appellant from
presenting a viable defense. 
          At the hearing on the motion for new trial, appellant testified that he provided
his trial counsel with the identity of the five potential witnesses.


 According to
appellant, these witnesses would have provided support for his defensive theory that
the offense was committed by appellant’s brother, not appellant. The record reflects
that defense counsel called two witnesses at trial—appellant’s brother and appellant’s
wife; each testified it was appellant’s brother who struck complainant with the bottle.
          Appellant’s trial counsel also testified at the hearing on the motion for new
trial. He stated that he did not visit the scene where the incident occurred and did not
recall interviewing any of the five potential witnesses. To explain why he did not
interview the witnesses, appellant’s trial counsel stated that he “check[ed] out”
information provided to him by appellant. This testimony implies that, when
appellant told defense counsel about potential witnesses, defense counsel then
checked out those witnesses. Because defense counsel did not recall interviewing the
five witnesses and the witnesses were not called at trial, it can be reasonably inferred
that appellant failed to tell defense counsel about those witnesses. Considering that
inference in conjunction with the fact that the defense counsel called only appellant’s
brother and appellant’s wife to testify that appellant’s brother committed the offense,
it can also be reasonably inferred that appellant provided trial counsel with only the
names of appellant’s brother and wife. 
          At the hearing on the motion for new trial, appellant’s trial counsel also
explained that he did not interview the neighbors who lived near the crime scene
because he advised appellant that he should hire an investigator. Defense counsel
stated that appellant chose not to hire an investigator and “didn’t spend the money for
an investigator.”



          Although we do not condone defense counsel’s placement of the burden to
investigate on his client, we cannot find that defense counsel’s failure to conduct
further investigation of the scene was deficient to the point that appellant received
ineffective assistance of counsel. When viewed in the context of appellant providing
defense counsel with only the names of appellant’s brother and wife and failing to
provide the names of the five witnesses, as discussed above, defense counsel’s failure
to conduct further investigation was plausible. Defense counsel may have concluded
in his professional judgment that, based on the information provided by appellant, any
further investigation would not have been fruitful. We cannot say the trial court
abused its discretion in concluding that counsel’s failure to locate the five witnesses
did not amount to ineffective assistance of counsel.
2.       Failure to Request a Limiting Instruction on Impeachment Testimony of
Defense Witness

          The State impeached appellant’s brother with his prior inconsistent statement
to a law enforcement officer, “I didn’t do this.” Immediately afterwards, the State
asked, “But now in court when your brother is on trial you’re saying you caused the
injury?” The brother answered “yes.” 
          When it is clear that testimony is being used only for impeachment purposes,
no limiting instruction is necessary. Cantrell v. State, 731 S.W.2d 84, 95 (Tex. Crim.
App. 1987). It was clear the prosecutor was simply impeaching the brother with his
prior inconsistent statement. As a result, no limiting instruction was necessary, and
appellant’s trial counsel was not ineffective. See id.
3.       Failure to Object to the Lack of a Definition of Serious Bodily Injury in the
Jury Charge

          As discussed under point of error one, it was not necessary for the jury charge
to define serious bodily injury. As a result, appellant’s trial counsel was not
ineffective for failing to object to the jury charge because the definition was not
included. 
4.       Failure to Object to the Article 37.07 Instruction
          Appellant also asserts his trial counsel was ineffective because he did not
object to the inclusion of an article 37.07 instruction on parole in the instructions to
the jury at punishment. As discussed under point of error three, the article 37.07
instruction was properly included in the charge.
          We overrule appellant’s second and fourth issues. 
          We affirm the judgment. 



                                                                        Margaret Garner Mirabal
                                                                        Justice
 
Panel consists of Justices Mirabal, Taft, and Duggan.



Justice Taft concurs in the disposition of issue one on the basis that any error is 
harmless error and joins the remainder of the opinion.

Do not publish. Tex. R. App. P. 47.4.