No. PD-1633-14       *1633·14*

# In The Court of Criminal Appeals of Texas

ORIGINAL

Steven Allen Jones (Petitioner)

V.

THE
State of Texas (Respondent)

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 29 2015

Abel Acosta, Clerk

Petition For
Discretionary Review

FILED IN
COURT OF CRIMINAL APPEALS

FEB 02 2015

Abel Acosta, Clerk

In Appeal No. 01-13-00431-CR
from the court of Appeals
for the First Judicial District
Houston, Texas

Steven Allen Jones
TDCJ # 1860292
French M. Robertson Unit
12071 FM 3522
Abilene, Texas
79601

## Identities of Judge, Parties and Counsel

THE HONORABLE MARK KENT ELLIS, Judge Presiding
351st CRIMINAL DISTRICT COURT
1201 FRANKLIN
HOUSTON, TEXAS
77002

Ms. KARA BURTON & Ms LISA PORTER
ASSISTANT DISTRICT ATTORNEYS
HARRIS COUNTY DISTRICT ATTORNEY'S OFFICE
1201 FRANKLIN
HOUSTON, TEXAS
77002

Mr. ALAN CURRY
ASSISTANT DISTRICT ATTORNEY
HARRIS COUNTY DISTRICT ATTORNEY'S OFFICE
APPELLATE DIVISION
1201 FRANKLIN, SUITE 600
HOUSTON, TEXAS
77002

Ms. JACQUELYN R. CARPENTER, TRIAL COUNSEL
HARRIS COUNTY PUBLIC DEFENDER'S OFFICE
1201 FRANKLIN, 13th FLOOR
HOUSTON, TEXAS
77002

Mr. SCOTT RAMSEY, ATTORNEY FOR APPELLANT, APPEAL ONLY
1212 DURHAM DR.
HOUSTON, TEXAS
77007

Mr. STEVEN A. JONES, PETITIONER
TDCJ # 1860292
FRENCH M. ROBERTSON UNIT
12071 F.M. 3522
ABILENE, TEXAS
79601

# Table of Contents

Identities of Judge, Parties and Counsel _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ ii

Table of Contents _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ iii

Index of Authorities . . . _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ iv

Statement Regarding Oral Argument _ _ _ _ _ _ _ _ _ _ _ _ _ _ (1)

Statement of Case _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ (2)

Statement of Procedural History _ _ _ _ _ _ _ _ _ _ _ _ _ (2)

Grounds for Review _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ (2)

      I. THE TRIAL COURT ERRED IN Denying Petitioner's Request that the Jury charge include an offense instruction on the lesser offense of Assault _ _ _ _ _ (2)

Argument . _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ (3)4

Prayer for Relief . _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ (4)

Appendix . _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

# Index of Authorities

## State Cases

PAGES

Brown v. State, 960 S.W. 2d, 265 _____ (3)

Deblanc v. State, 2004 wL 307. 324 _____ (4)

Ex Parte Watson, 306 S.W. 3d, 259 _____ (3)

Ex Parte Wilson, 306 S.W 3d, 259. 262-63 _____ (3)

Hall v. State, 225 S.W. 3d, 524 at 535-36 _____ (3)

Jones v. State, 843 S.W. 2d, 92 _____ (3)

Toy v State, 855 S.W. 2d, 153 _____ (3)

White v. State, 867 SW. 2d, 921 _____ (3)


## Constitutions and Statues

Petition for Discretionary Review   Rule 68. Tex R. App. Proc. ___ (1)

Tex R. App. Proc 66.3 (A)(d) _____ (3)

Tex R. App. Proc 68.4 (h) _____ (3)

Penal Code (1-07 (17) _____ (3)

NO. PD-1633-14

# In The Courts of Criminal Appeals

## Austin Texas

STEVEN ALLEN JONES (Petitioner)

V.

THE STATE of TEXAS (Appellee)

Appealed From THE 351st Criminal District Court of Harris County, Texas

No. 01-13-00431 CR

In The Courts of Criminal Appeals

## Petition For Discretionary Review For Petitioner

To THE Honorable Court of Criminal Appeals:

Now comes, STEVEN ALLEN JONES, the Petitioner in This Appeal, And Pursuant To Rule 68. TEX. R. APP. Proc., Submits This Petition For Discretionary Review For THE PurPose of Appealing his conviction And sentence in THE TRIAL court.

## STATEMENT For Oral Argument

Counsel For Petitioner, Respectfully Request, Pursuant To Rule 68. Discretionary Review with Petition. TEX. R. APP. Proc.; THE OPPORTUNITY TO Make AN Oral Argument To This Honorable court. Petitioner believes THAT ORAL Argument is Necessary To Provide A complete understanding of facts And issues presented in This case. This Request is made so that Justice May be done. ORAL Argument can be made via telephone To serve THE courts.

(1)

## Statement of the Case

In April. 2012 Petitioner, Steven Allen Jones, was arrested by Houston Police Department and charged with Aggravated Assault. The complaining victim was Tangelia MoniQue Broussard McGowen, with whom He had a Relationship. On July 3rd 2012, He was indicted for this offense, which alleged that He threatened the complainant with "Bodily injury by exhibiting a deadly weapon namely a knife". This offense was enhanced by allegations of two prior convictions. Petitioner proceeded to trial before a jury on May 3rd 2013 and was convicted of Aggravated Assault as charged.

After jury verdict Petitioner agreed to withdraw his Punishment election from jury to the court. Petitioner plead true to both enhancement. Paragraphs and was sentenced to (40) forty years confinement. There was an affirmative finding of a deadly weapon. The trial court certified Petitioners Right to appeal and Petitioner filed a timely written notice of appeals on May 7th 2013.

## Statement of Procedural History

Appeal from the 351st District Court of Harris County (TR.CT.NO. 1345379) This case is an appeal from final judgment signed by trial court on May 7th 2013. After submitting the case on the appellate Record and the arguments properly Raised by the parties, the court holds that trial courts judgment contains no reversible error. Judgment Rended October 30th 2014.

No motion for Rehearing has been filed.

## Grounds for Review

The Trial Court erred in Denying Petitioner's Request that the jury charge include an offense instruction on the Lesser offense of Assault. Petitioner Requested an instruction on the Lesser included offense of misdemeanor assault which the trial court denied. The key distinction between simple assault and aggravated assault as alleged in the indictment is the use of a knife, a deadly weapon, during the offense. The evidence presented at trial was sufficient to entitle Petitioner to the Lesser included charge. The failure to grant this instruction caused harm to Petitioner and Requires that the verdict be set aside. The First Judicial District Court of Appeals erred in affirming trial's Court err in denying

(2)

Petitioner's Request THAT THE JURY CHARGE INCLUDE AN OFFENSE INSTRUCTION ON THE LESSER OFFENSE OF ASSAULT.

## "Argument"

In light of TEX. R. APP. PROC. 68.4 PETITIONER WILL NOT be REDUNDANT but ONLY ARGUE POINTS which the COURT of APPEALS FOR THE FIRST DISTRICT OF TEXAS ERRORED IN it's opinion. But To set THE STANDARDS, PETITIONER will give A brief over view TO ESTABLISH his STANCE.

A two-PRONG test IS Required to determine whetHER A defendant is ENTITLED to INSTRUCTIONS ON A Lesser included offense. EXPARTE Wilson. 306 S.W. 3d 259, 262-63 (ALSO SEE HALL. 225 S.W. 3d 524 AT 535-36). THE FIRST PRONG which Require the COURT To use the "COGNATE PLEADINGS" APPROACH to determine if AN offense is A Lesser-included offense of ANOTHER offense, WAS SATISFIED. See WATSON. 306 S.W. 3d at 271. However the second PRONG which ASK whetHER there is evidence that SUPPORTS submission of the Lesser-included offense, WAS NOT. See HALL, 225 S.W. 3d AT 536. PETITIONER disAGREE with the COURT of APPEALS ANALYSIS because of TEX. R. APP. PROC. 66. 3(A),(D)...

The COURT of APPEALS "concluded that even if PETITIONER used A beer bottle INSTEAD of A KNIFE, the MANNER IN which the evidence indicates that he used it would have Rendered it A deadLy weapon. (See page 12 of MEMORANDOM OPINION).

Ms. GAGE the sole witness And only PERSON to testify for the STATE, besides the ARRESTING officers, STATED PETITIONER brought his RIGHT hand from AROUND his back And made three stAbbing MOTIONS AT Mc Gowen. MANNER of use is most important CRITERIA when determining whetHER weapon is deadly weapon. JONES V. STATE, 843 S.W. 2d 92, THE beer bottle WAS later found on the scene WASN'T brOKEN. Just stAbbing AT someone WITH A SOLid beer bottle doesn't Render the weapon deadLy. IN addition to exAMINING use or intended use of weapon, COURT MAY determine if weapon is "deadLy weapon" by exAMINING fActORS such as weapon's size, shape, And capacity To produce death or serious bodily injury. Toy V. STATE, 855 S.W. 2d 153. Given the bottle WAS whole And NOT broken, it's capacity to cause death or serious bodily injury WAS NON-existant.

A lesser included offense MAY be raised if evidence is subjected to different interpretations. White v. STATE 867 S.W. 2d 921. THE bottle isn't A deadLy weapon PER SE PC 1-07(17). Also given the bottle Appearance And use it didn't qualify AS A deadLy weapon since conflicting stories Arise As To what weapon WAS used And if it WAS A deadly weapon, PETITIONER had Right To INSTRUCTION ON lesser included offense were possibly No deadLy weapon WAS used And the victim SUSTAINED No serious bodily injuries. Citing BROWN V. STATE, 960 S.W. 2d 265, "when conflicting evidence ARises Regarding element of AggravAting CIRCUMSTANCES which distinguishes

(3)

GREATER offense from lesser charge on lesser - included offense should be Given.

Trial Court error in failing to Provide a jury instruction on the lesser-included offense of misdemeanor assault was harmful and warranted Reversal of conviction for Aggravated assault. If the jury saw the object the Petitioner used to assault victim, the jury could have believed that the object was not capable of causing "serious bodily injury" as opposed to "bodily injury" required for misdemeanor assault, and victim testified that he was virtually unfazed when struck in the head (Deblanc, 2004 WL 307 324 (2004 Tex. Ap 4x 1639)

The facts speak for themselves, further McGowen told Police she was fine and only a couple of scratches were observed by officers, so they let the victim leave. The officers found the beer bottle and testified it wasn't broken. We can safely say concur that the beer bottle in it's manner of use and appearance was not a deadly weapon. Therefore a reasonable jury could have found the Petitioner Guilty only of misdemeanor assault.

## Prayer for Relief

Wherefore, all Premises Granted, the Petitioner Prays this Petition for Discretionary Review be Granted and His conviction be overturned, in light of the Arguments Presented herein.

Humbly Submitted
Steven A. Jones
TDCJ # 1860292
French M. Robertson Unit
12071 F.M. 3522
Abilene, Texas
Steven A. Jones

(4)



Opinion Issued October 30, 2014



In The

# Court of Appeals

For The

# First District of Texas

---

## NO. 01-13-00431-CR

---

STEVEN ALLEN JONES, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 351st District Court
Harris County, Texas
Trial Court Case No. 1345379

---

## MEMORANDUM OPINION

Appellant Steven Allen Jones was charged by indictment with aggravated assault of a family member for threatening the complainant with imminent bodily injury by using and exhibiting a deadly weapon, namely, a knife, enhanced by two

prior felony convictions. A jury found Jones guilty. The trial court found the enhancement allegations true and assessed punishment at 40 years' confinement. In his sole point of error, Jones contends that the trial court erred in denying his request for a lesser-included offense instruction on misdemeanor assault. We affirm.

## Background

The complainant, Tangelia McGowan, and Jones had previously dated, but were no longer in a relationship at the time of the assault. At the time, McGowan and Jones lived together in the same apartment complex as McGowan's friend, Tanessa Gage.

Gage testified at trial[1] that she heard the sounds of urgent knocking at her door around 2:00 in the morning and opened it to find McGowan crying and nervous. McGowan was holding her neck, which was red, and asked to come into Gage's apartment. McGowan told Gage that Jones had been chasing her with a beer bottle. Gage let McGowan in and saw Jones "aggressively" approaching the door while shouting profanity at Gage. Gage closed the door before Jones reached it, but he attempted to open the door and kicked it.

About 15 minutes later, McGowan left Gage's apartment. Gage testified that she saw Jones follow McGowan while holding an unidentified object behind

---

[1]    McGowan did not testify at trial.

2

his back, in his right hand, under his sleeve. Gage also followed McGowan at a distance. According to Gage, Jones approached McGowan "aggressively" until he was about one foot away and attempted to grab her arm with his left hand, saying that he loved her, but also threatening her. Observing from the curb of the street, Gage testified that McGowan ran away from Jones, but he pursued her. McGowan yelled to Gage, "Call the police, call the police," and Gage called 911.

Gage testified that after she called 911, Jones pinned McGowan against a wooden fence, grabbed the front of McGowan's neck with his left hand, and continued to hold his right hand behind him. Gage also saw Jones bring his right hand from around his back and make three stabbing motions at McGowan. But Gage still could not see what Jones was holding in his right hand. McGowan dodged the blows, causing Jones to hit the fence. Gage testified that McGowan cried out, "I think he has a knife, call the police," and "Tanessa, he's got a knife, call the police." Gage called 911 a second time, and recordings of both 911 calls were admitted into evidence. During the second 911 call, Gage told the dispatcher that Jones "ha[d] a beer bottle." But Gage testified that she could not see the object that Jones was holding. She clarified that she only mentioned the beer bottle because McGowan had earlier said, when at Gage's apartment, that Jones had chased her with a beer bottle. Gage also testified that she had not actually seen a beer bottle in Jones's hand.

3

When police arrived, Jones threw the object that he had used to stab at McGowan onto the grass. Gage testified that she walked closer to the fence after the police arrived and saw that the object was a knife. She also testified that she did not see a beer bottle anywhere in the area.

Houston Police Department Officer C. Smith testified that upon arriving at the scene, he also saw Jones lower his right hand and drop an object. Although he did not see the object that Jones was holding, Officer Smith testified that his partner recovered a knife from the spot in which Jones had been standing when Officer Smith saw Jones drop the object. Officer Smith also testified that officers recovered a beer bottle about 15 feet away from where Jones had been standing when he was stabbing at McGowan. Officer Smith testified that Jones "claimed it might have been his." But, according to Officer Smith, the beer bottle was not the object Jones dropped.

Officer Smith further testified that both Gage and McGowan informed him that Jones had attempted to stab McGowan and there were probably stab marks on the fence. Officer Smith testified that he examined the stab marks, which looked like they had been made with the knife he recovered, and that they were at McGowan's neck-height, where McGowan had been standing. Officer Smith also testified that he noticed marks on the back of McGowan's neck consistent with marks that would be left by fingernails.

4

At the charge conference, Jones requested an instruction on the lesser-included offense of misdemeanor assault, but did not elaborate as to the type of misdemeanor assault he contended should be submitted. The trial court denied Jones's request. The jury convicted Jones of aggravated assault of a family member for threatening the complainant with imminent bodily injury by using and exhibiting a deadly weapon, namely, a knife.

## Discussion

In his sole point of error, Jones contends that the trial court erred by refusing to submit the lesser-included offense of misdemeanor assault. The State contends that Jones failed to preserve this issue for review, and that even if he had preserved his complaint, the trial court did not err because no evidence warranted submission of the lesser-included offense.

### A. Preservation of Error

The defendant must "present his objections . . . distinctly specifying each ground of objection" to preserve jury charge error. TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). "The objection must be specific and clear enough to apprise the trial court of the nature of the objection." *Jones v. State*, 962 S.W.2d 96, 99 (Tex. App.—Houston [1st Dist.] 1997), *aff'd*, 984 S.W.2d 254 (Tex. Crim. App. 1998). When considering a complaint, an appellate court should consider the

5

context in which it was made and the parties' understanding of it at the time. *Ford v. State*, 305 S.W.3d 530, 533 (Tex. Crim. App. 2009).

At the conclusion of the State's case, Jones requested a directed verdict, asserting that there was insufficient evidence that Jones used a knife in the assault. Jones's counsel detailed alleged inadequacies in the evidence and concluded, "And so, the knife becomes a big issue. We would like for the State to drop the aggravated portion of the assault and proceed forward with just a regular assault." The trial court denied the motion. At the charge conference, Jones said, "We would like for the inclusion of misdemeanor assault to be added." The trial court denied the request without asking Jones to clarify it.

According to the State, Jones's objection was so vague that the trial court could not have known whether he was requesting an instruction on misdemeanor assault by threat or by bodily injury. But misdemeanor assault by bodily injury is not a lesser-included offense of aggravated assault by threat, the charged offense. *See Hall v. State*, 225 S.W.3d 524, 531 (Tex. Crim. App. 2007) (concluding misdemeanor assault by bodily injury is not a lesser-included offense of aggravated assault by threat with a deadly weapon). Thus, the only lesser-included offense to which Jones could have referred at the charge conference is misdemeanor assault by threat.

Having considered Jones's request in context, we conclude that it was clear enough to apprise the trial court of the nature of the request and, therefore, Jones preserved his complaint for appeal. *See Ford v. State*, 38 S.W.3d 836, 841 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (citations omitted) (alleged error in refusing to include lesser-included offense was preserved when appellant's request was "sufficient to call the trial court's attention to the omission in the court's charge").

**B. Did the trial court err in denying Jones's request?**

### 1. Applicable Law

An offense qualifies as a lesser-included offense of the charged offense if:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

TEX. CODE CRIM. PROC. ANN. art. 37.09 (West 2006). We employ a two-pronged test in determining whether a defendant is entitled to an instruction on a lesser-included offense. *See Ex Parte Watson*, 306 S.W.3d 259, 262–63 (Tex. Crim. App. 2009); *see also Hall*, 225 S.W.3d at 535–36. The first prong requires the

court to use the "cognate pleadings" approach to determine if an offense is a lesser-included offense of another offense. *See Watson*, 306 S.W.3d at 271. The first prong is met if the indictment for the greater-inclusive offense either: "(1) alleges all of the elements of the lesser-included offense, or (2) alleges elements plus facts (including descriptive averments, such as non-statutory manner and means, that are alleged for purposes of providing notice) from which all of the elements of the lesser-included offense may be deduced." *Id.* at 273. This inquiry is a question of law. *Hall*, 225 S.W.3d at 535.

The second prong asks whether there is evidence that supports submission of the lesser-included offense. *Hall*, 225 S.W.3d at 536. "'A defendant is entitled to an instruction on a lesser-included offense where . . . there is some evidence in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser-included offense.'" *Id.* (quoting *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994)). "In other words, the evidence must establish the lesser-included offense as 'a valid, rational alternative to the charged offense.'" *Id.* (quoting *Forest v. State*, 989 S.W.2d 365, 367 (Tex. Crim. App. 1999)). Anything more than a scintilla of evidence may be sufficient to entitle a defendant to a charge of a lesser-included offense, but it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense. *Id.* (quoting *Bignall*, 887 S.W.2d at 23); *Skinner v. State*, 956 S.W.2d 532, 543 (Tex. Crim.

8

App. 1997) (citing *Bignall*, 887 S.W.2d at 24). Rather, "there must be some evidence directly germane to a lesser-included offense for the factfinder to consider before an instruction on a lesser-included offense is warranted." *Skinner*, 956 S.W.2d at 543 (citing *Bignall*, 887 S.W.2d at 24).

When reviewing a trial court's decision to deny a requested instruction for a lesser-included offense, we consider the charged offense, the statutory elements of the lesser offense, and the evidence actually presented at trial. *Hayward v. State*, 158 S.W.3d 476, 478 (Tex. Crim. App. 2005) (citing *Jacob v. State*, 892 S.W.2d 905, 907–08 (Tex. Crim. App. 1995)). "The credibility of the evidence, and whether it conflicts with other evidence, must not be considered in deciding whether the charge on the lesser-included offense should be given." *Dobbins v. State*, 228 S.W.3d 761, 768 (Tex. App.—Houston [14th Dist.] 2007, pet. dism'd) (citing *Saunders v. State*, 840 S.W.2d 390, 391 (Tex. Crim. App. 1992)). If we find error and the appellant properly objected to the jury charge, we employ the "some harm" analysis. *See Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005) (en banc).

### 2. Analysis

There are three ways to commit misdemeanor assault:

(1) intentionally, knowingly, or recklessly caus[ing] bodily injury to another, including the person's spouse;

(2) intentionally or knowingly threaten[ing] another with imminent bodily injury, including the person's spouse; or

(3) intentionally or knowingly caus[ing] physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.

TEX. PENAL CODE ANN. § 22.01 (West Supp. 2014). The offense of aggravated assault occurs when "the person commits assault as defined in § 22.01 and the person: (1) causes serious bodily injury to another, including the person's spouse; or (2) uses or exhibits a deadly weapon during the commission of the assault." TEX. PENAL CODE ANN. § 22.02(a) (West 2011). A "deadly weapon" is defined as "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX. PENAL CODE ANN. § 1.07(a)(17)(B) (West Supp. 2014).

Here, the first prong of the two-prong analysis is satisfied because the greater-included offense—aggravated assault by threat—as pleaded, includes all of the elements of the lesser-included offense of assault by threat. *See Tidwell v. State*, No. 01-12-00298-CR, 2013 WL 6506262, at *4 (Tex. App.—Houston [1st Dist.] Dec. 10, 2013, pet. ref'd) (mem. op., not designated for publication) (first prong satisfied because "the greater-included offense—aggravated assault—alleges all of the elements of the lesser-included offense, assault"); *Barnett v. State*, 344 S.W.3d 6, 15 (Tex. App.—Texarkana 2011, pet. ref'd) (concluding that "[a]ssault is a lesser included offense of aggravated assault").

10

But, to meet the second prong, Jones must show that a rational jury could find him guilty of only misdemeanor assault by threat. *See Hall*, 225 S.W.3d at 536. Jones contends that the jury could have reasonably concluded that he assaulted McGowan with a beer bottle, rather than with a knife. He bases this contention on Gage's statement to the 911 dispatcher that Jones was attacking McGowan with a beer bottle, evidence that Jones had chased McGowan with a beer bottle before McGowan sought refuge in Gage's apartment, evidence that a beer bottle was found near the scene, and Officer Smith's acknowledgement that his report does not state that he observed Jones holding or dropping the knife.

Taking all of this evidence as true, we conclude that the evidence does not warrant the submission of the lesser-included offense of misdemeanor assault by threat. A "deadly weapon" is defined as "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX. PENAL CODE ANN. § 1.07(a)(17)(B) (West Supp. 2014). Importantly, "[c]ourts have found that, when wielded by a person as a club, a bottle is clearly a deadly weapon." *Compton v. State*, 759 S.W.2d 503, 504 (Tex. App.—Dallas 1988, no pet.) (citations omitted) (threatening complainant when holding beer bottle by neck with bottom broken off, leaving a jagged edge, was sufficient evidence to support deadly weapon finding). Here, Jones does not dispute that he assaulted McGowan; he argues only that a jury could have rationally concluded that he stabbed at

11

McGowan with a beer bottle instead of a knife. And Jones acknowledges that a beer bottle could be a deadly weapon in some cases.

We conclude that even if Jones used a beer bottle instead of a knife, the manner in which the evidence indicates that he used it would have rendered it a deadly weapon. *See Hayes v. State*, 728 S.W.2d 804, 808 (Tex. Crim. App. 1987) (en banc) (in context of jury instruction involving deadly force in defense of person, coke bottle was deadly weapon where evidence showed complainant wielded bottle as club and struck appellant with bottle); *Keane v. State*, 677 S.W.2d 194, 198 (Tex. App.—Houston [1st Dist.] 1984, pet. ref'd) (evidence of appellant hitting murder victim with a bottle supported deadly weapon finding). Because Jones's own theory of the case involved the use of a deadly weapon and would have also amounted to aggravated assault, he would not have been entitled to a lesser-included offense instruction even if he adduced some evidence that he assaulted McGowan with a bottle and not a knife. Accordingly, the trial court did not err in refusing to instruct the jury on the lesser-included offense of misdemeanor assault by threat.

We overrule Jones's sole point of error.

## Conclusion

We affirm the judgment of the trial court.


Rebeca Huddle
Justice


Panel consists of Justices Massengale, Brown, and Huddle.
Do not Publish — TEX. R. APP. P. 47.2(b).